**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

GERALD D. DANIELS,                          )
                                            )
        Petitioner,                      )
                                            )
v.                                          )          Case No. CIV-26-1714-R
                                            )
SCOTT TINSLEY, Warden,                      )
                                            )
        Respondent.                      )

<u>REPORT AND RECOMMENDATION</u>

Petitioner Gerald D. Daniels, a state prisoner proceeding pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), challenging his state court sentence. Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition for lack of jurisdiction.

## I.     <u>Procedural history</u>

Petitioner was convicted and sentenced in 1990 for first-degree murder in Case No. CRF-1988-3965, District Court of Oklahoma County, Oklahoma. *In re Daniels*, No. 22-6123, Order (10th Cir. Aug. 1, 2022). In 1992, Petitioner filed his first § 2254 habeas petition. The Court denied relief and the Tenth Circuit affirmed. *Id.*; *see also* No. CIV-92-1663-R (W.D. Okla.). In 1998, Petitioner filed a second § 2254 habeas petition. The Court transferred the matter to the Tenth Circuit, which denied Petitioner's motion for authorization to file a second or successive § 2254 petition. *In re Daniels*, No. 22-6123, Order (10th Cir. Aug. 1, 2022); *see also* No. CIV-98-658-R (W.D. Okla.); No. 98-747

(10th Cir.).  In 2022, Petitioner again sought permission from the Tenth Circuit to file a second or successive § 2254 habeas petition, which was denied.  *In re Daniels*, No. 22-6123, Order (10th Cir. Aug. 1, 2022).  Petitioner has now filed a third § 2254 habeas petition challenging his underlying state court conviction and sentence.

## II.     Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court promptly to conduct a preliminary review of habeas petitions.  A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.* (citation modified).  The Court also must dismiss an action "at any time" if it determines that it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (noting an "objection that a federal court lacks subject-matter jurisdiction" "may be raised by a party, or by a court on its own initiative, at any stage in the litigation").

Additionally, "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will not, however, provide a petitioner with arguments or act as his advocate.  *See id.*

III.    **Analysis**

A.    **Lack of jurisdiction**

This is Petitioner's third § 2254 habeas petition challenging his Oklahoma County conviction and sentence.  The instant Petition challenges the same conviction and sentence previously challenged and adjudicated on the merits.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)). "Any later habeas petition challenging the same conviction is second or successive and is subject" to the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (citation modified). Section 2244(b) of AEDPA requires that before this Court may consider a second or successive § 2254 habeas petition, a petitioner "shall move in the [Tenth Circuit Court of Appeals] for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). Without such authorization from the Tenth Circuit, this Court does not have jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Petitioner provides no indication that he has received prior authorization from the Tenth Circuit to file this second or successive habeas petition.  The undersigned has separately reviewed Tenth Circuit dockets and finds no indication that Petitioner has received such authorization.  Therefore, because Petitioner does not have Tenth Circuit

authorization to file a second or successive § 2254 petition, the Court lacks jurisdiction to consider his Petition.

**B.     Oklahoma Survivor's Act**

Petitioner asserts he should be resentenced under the Oklahoma Survivor's Act ("OSA"), a state statute that provides sentence mitigations for qualifying prisoners who are survivors of domestic violence and other abuse.  Doc. 1 at 5.  He alleges his Petition is timely because his claim did not become ripe until his request for resentencing under the OSA was denied on June 9, 2026.[1]  *Id*.  To the extent Petitioner relies on this denial to argue this Petition is the first challenge to a new judgment, and thus not second or successive, his argument fails.

> Many states, like Oklahoma, provide post-conviction remedies even though they're not constitutionally required.  *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (concluding that states have no constitutional obligation to provide post-conviction relief).  Given the availability of these remedies, a defendant might seek habeas relief based on a state court's errors in the post-conviction proceedings.  But habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("Because the constitutional error the petitioner raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

*Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024) (citation modified).

---

[1] Petitioner did not appeal the denial of his resentencing, Doc. 1 at 4-5, which is another reason the Court should dismiss the Petition.  *See* 28 U.S.C. § 2254(b)(1) (instructing habeas relief for a state prisoner shall not be granted unless the remedies available in state court have been exhausted).

"Here, Petitioner is . . . challenging Oklahoma's post-conviction procedure under the OSA, which is not a cognizable basis for a § 2254 petition." *Daniels v. Warden, Joseph Harp Corr. Ctr.*, No. CIV-25-1085-R, 2025 WL 3769281, at *2 (W.D. Okla. Dec. 31, 2025), *reconsideration denied*, No. CIV-25-1085-R, 2026 WL 963040 (W.D. Okla. Apr. 9, 2026);[2] *see also Daniels*, No. CIV-25-1085-R, 2026 WL 963040, at *3 (W.D. Okla. Apr. 9, 2026) ("Petitioner's challenges based on his OSA application's denial are challenges only to Oklahoma's postconviction procedure. These challenges cannot form the basis of a habeas petition."). The District Court of Oklahoma County's "denial of his application for resentencing is therefore not a new judgment and does not make his Petition non-successive." *Daniels*, No. CIV-25-1085-R, 2025 WL 3769281, at *2.

### C.    Dismissal rather than transfer

"When a second or successive § 2254 [petition] is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252. When "deciding whether a transfer is in the interest of justice," a court may consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in

---

[2] This 2025 habeas matter before the Court involved a different state prisoner—David Lee Daniels II.

good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

Additionally, "where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id.* at 1252 (citation modified). "Petitioner's claims regarding the denial of his OSA application are not cognizable under habeas and are therefore meritless." *Daniels*, No. CIV-25-1085-R, 2025 WL 3769281, at *3. Accordingly, the undersigned recommends that the Court dismiss this case because a transfer to the Tenth Circuit would not be in the interests of justice. *See id*; *Daniels*, No. CIV-25-1085-R, 2026 WL 963040, at *5; *Cline*, 531 F.3d at 1252.

## IV.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, for lack of jurisdiction. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than August 3, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 13th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE